## WHEELING BRIDGE & TERMINAL RY. CO. v. COCHRAN.

### (Circuit Court of Appeals, Fourth Circuit. May 28, 1895.)

#### No. 115.

1. PRACTICE ON APPEAL—BOND.
   Rule 13 of the circuit courts of appeals (11 C. C. A. ciii.) does not apply to bonds required upon the allowance of writs of error, where no supersedeas is asked or granted.

2. PRACTICE—SET-OFF—WEST VIRGINIA CODE.
   Under the Code of West Virginia and the practice prevailing thereunder a defendant may show at the trial all matters of set-off, even though accruing pendente lite, of which the plaintiff has had notice by a bill or amended bill of sets-off.

3. SAME—PARTIES.
   The W. Co. commenced an action against one C. While it was pending, a receiver was appointed in a suit for the foreclosure of a mortgage made by the W. Co., and was directed to take possession of all the property covered by the mortgage, and prosecute and defend all suits relating to such property. It did not appear that the claim against C. on which action had been brought was part of the mortgaged property, and the receiver was refused permission to be made a party plaintiff to the action. C. filed a bill of sets-off including, among others, coupons of bonds secured by the mortgage maturing after the receiver was appointed. *Held*, that such coupons could not properly be allowed as sets-off in the action to which the receiver was not and could not be a party.

In Error to the Circuit Court of the United States for the District of West Virginia.

This was an action by the Wheeling Bridge & Terminal Railway Company against Robert H. Cochran. Judgment was rendered in the circuit court for the defendant upon claims in set-off. Plaintiff brings error. Reversed.

Edward B. Whitney, for plaintiff in error.

Thayer Melvin and Henry M. Russell, for defendant in error.

Before GOFF and SIMONTON, Circuit Judges, and SEYMOUR, District Judge.

SIMONTON, Circuit Judge. This is a writ of error to the circuit court of the United States for the district of West Virginia. The Wheeling Bridge & Terminal Railway Company, a corporation of the state of West Virginia, brought its action to October rules, 1892, against Robert H. Cochran. The declaration is in assumpsit on the common counts for $2,147.22. The bill of particulars filed with the declaration charges him with moneys of the plaintiff, received by him, and credits him with certain moneys paid out by him for plaintiff's use, expenses incurred by him in plaintiff's serv-

ice, and salary as president of the company to March, 1892. The defendant, on 4th April, 1893, pleaded the general issue and filed·· specifications of payments and sets-off. His bill of sets-off includes items of salary as president of a corporation subordinate to and controlled by the plaintiff, of services rendered plaintiff as agent and counsel, and other services rendered the Wheeling & Eastern Improvement Company, for which he held plaintiff responsible,—in all $7,000; and also of 24 coupons on the first mortgage bonds of the plaintiff, 12 of which matured 1st June, 1892, and 12 on 1st December, 1892, each for $30, and 6 coupons on second mortgage bonds of the same company, 3 of which matured September, 1892, and 3 1st March, 1893, each for $30,—in all $900. The cause was continued from time to time, and on 25th September, 1894, the defendant filed an amended bill of sets-off in which, in addition to the other items, he added coupons on the same first mortgage bonds maturing 1st June, 1893, 1st December, 1893, and 1st June, 1894, and on second mortgage bonds maturing September 1, 1893, March and September 1, 1894, making the total of sets-off $9,250. Pending this suit, on 20th September, 1893, the Wheeling Bridge & Terminal Railway Company was placed in the hands of a receiver by an order ·entered in the case of the Washington Trust Company against said railway company and others, pending in the circuit court of the United States for the district of West Virginia, Charles O. Brewster being appointed such receiver. On 25th September he interposed in this action, and prayed to be made a party plaintiff. This prayer was refused. The following extracts from the order appointing the receiver will show the scope and extent of his powers:

"Ordered, that Charles O. Brewster, Esq., of the city of New York, be, and he hereby is, appointed receiver herein of all and singular the premises and property described in the complaint, with the usual powers of receivers in such cases according to the law and practice of this court, and with all the powers provided for in the mortgage or deed of trust set out in the complaint, the property described in the said mortgage embracing all and singular the railroad and bridge of said defendant railway company, together with all the real estate, roadbed, rails, ties, piers, fences, lands, approaches, privileges, liberties, rights and franchises, rights of way, easements, licenses, depots, stations, buildings, rolling stock, equipment, tools, machinery, rents, incomes, tolls, and profits thereof, and all other property and rights whatsoever of said defendant railway company, wherever the same may be found, covered by the mortgage or deed of trust made by said railway company to the complainant, dated December 2, 1889. It is further ordered, that upon the approval and filing of said bond the said receiver is hereby authorized and directed to hold, manage, and operate the said railroad and bridge and other mortgaged property under the direction of this court, and to receive the rents, income, and profits thereof, and to employ such agents and servants as may be necessary for the proper operation and maintenance of said prop-·· erty, and to make such repairs as may be necessary to keep the same in good and serviceable condition. It is further ordered, that the defendant railway company and its officers and agents, and any other person having possession or control of any of said property, assign, transfer, and deliver the same, wherever it may be, unto said receiver, including any contracts for purchase of lands or rights of way, and all equitable interests, things in action, and other effects which belong to or are held in trust for said defendant railway company, which are covered by· said mortgage, and all books, vouchers, and papers relating thereto; and that said receiver have full power and authority

to receive and take possession of such property. It is further ordered, that said receiver be, and he hereby is, authorized and directed to prosecute and defend any pending suits by or against said railway company affecting said mortgaged property, or against others whom said railway company has undertaken to indemnify, and to defend any suits hereafter brought against him as such receiver, or affecting the receivership, or hereafter brought against said railway company affecting said mortgaged property, with authority also to bring such suits as may be necessary in the discharge of his duties as receiver for the securing and protecting said mortgaged property and the assets of said railway company; and said receiver may employ such attorneys and counsel as may be necessary to enable him to manage such suits, and to advise him in relation to the performance of his duties as receiver; and he may use the property in his hands for any of the purposes set out in this order."

The plaintiff on the same day tendered its replication to the amended bill of sets-off of the defendant, setting forth that the coupons therein set out, maturing December 1, 1893, and afterwards, became due after the corporation had gone into the hands of a receiver, and are not a proper set-off. The court refused leave to file the replication. The cause, being at issue, was tried before the jury, who found a verdict in favor of the defendant below in the sum of $1,784.98.

Plaintiff filed its petition for a writ of error. The writ was allowed "upon the plaintiff giving bond according to law in the sum of one thousand dollars, which shall be for costs only, and shall not operate as a supersedeas bond." This bond was given. The defendant in error moves to dismiss the writ on the ground that no proper or sufficient bond has been required or given by the plaintiff in error. This motion rests on rule 13 (11 C. C. A. ciii.) of this court, and is based on misconception. The rule operates only where a supersedeas is prayed. In this case no supersedeas was asked, and the order granting the writ and requiring the bond distinctly declares that it should not operate as a supersedeas. The bond required in this case and approved by the judge granting the writ is in the words of the statute (Rev. St. U. S. § 1000). The motion to dismiss the writ is refused.

The assignments of error necessary to be considered are as follows:

First. Because the court below admitted as sets-off, coupons accruing pendente lite. Right of set-off does not exist at common law, and is everywhere founded on statutory regulations. U. S. v. Eckford, 6 Wall. 484. The Code of West Virginia (Ed. 1891, p. 812, § 4) provides:

"In a suit for any debt the defendant may at the trial, prove and have allowed against such debt, any payment of set off which is so described in his plea or in an account filed therewith as to give the plaintiff notice of its nature but not otherwise."

This is an exact reproduction of the Code of Virginia on the same subject. 1 Rev. Code Va. 1819, c. 128, p. 510, § 87. The construction put upon this provision of the Code of West Virginia, followed universally in all the lower courts of that state, is to admit all matters of set-off accruing before the trial, when properly pleaded, even although they accrued pendente lite. This practice is also recog-

nized as existing in Virginia by Dr. Minor (4 Minor, Inst. 659), and admitted by Robinson (5 Rob. Prac. p. 1000). It is urged, however, that there is no decision of any court of last resort sustaining this practice. But when it appears that a certain practice exists, and that no case is reported in which it was questioned, or by which the opinion of the appellate court has been asked upon it, we have the highest proof of universal recognition of the practice, and of acquiescence in it. When this practice is proved so to exist without exception or demur, it is overwhelming evidence of the practice prevailing in the state, which in law cases this court must follow and adopt. Rev. St. U. S. § 914. But it is said that the courts of the United States are not bound to adopt a state practice of which they do not approve. It is true that when the state practice conflicts with some statutory regulation of congress, or when it would confer jurisdiction on the court which otherwise had no jurisdiction, the federal courts will not follow it. Mexican Cent. R. Co. v. Pinkney, 149 U. S. 194, 13 Sup. Ct. 859. See, also, Phelps v. Oaks, 117 U. S. 239, 6 Sup. Ct. 714. But when the state courts have an established practice, universally followed, the federal courts do and should follow it. In all cases of concurrent jurisdiction it would be a great misfortune both to suitors and counsel if, when they entered into the federal courts, they would find themselves in a strange atmosphere, governed and guided by new and unknown methods of practice. Nor are we prepared to say that the practice prevailing in the courts of West Virginia should be disapproved.

Second. Because defendant was permitted to put in evidence coupons falling due after the receiver was appointed, and also because the court directed the jury to find a verdict upon them. The court, upon application, had refused to permit the receiver to intervene in the suit. Following this up, the court permitted the defendant to set off against the demand of the plaintiff coupons owned by him, which matured after the receiver was appointed, upon his first and second mortgage bonds. This leads to an examination of the scope of receivership. The receiver's powers are those conferred upon him by the order under which he was appointed. If by this order the receiver was placed in control of the claim of the company against the defendant, then his application for leave to intervene should have been granted, and the defendant should not have been permitted to set off claims accruing during the receivership. 22 Am. & Eng. Enc. Law, 310, note 1. If the appointment of the receiver amounted to an equitable execution upon all the property and choses of the corporation, and the assumption of them by the court for distribution among creditors on equitable principles, the defendant would not be permitted to set up his coupons accruing during the receivership in extinguishment of the debt due by him, for by so doing he would have had a preference given to him to which he would not have been entitled over other creditors. He would thereby obtain payment of his debts, while others holding claims equally meritorious would be compelled to accept a small proportion, or perhaps lose them entirely. Clark v. Brockway, *42 N. Y. 13; Beach, Rec. §§ 702, 703, 705. Upon examination, how-

ever, of the order of the court under which the receiver was ap-
pointed, made a part of this record, it will be seen that the powers
of the receiver are those provided for in the mortgage, the property
described therein being stated; that his authority is declared to
be as follows: holding, managing, and operating the railroad and
other mortgaged property; that the railroad company is directed
to transfer to the receiver all property of every kind and descrip-
tion whatever "which are covered by said mortgage"; that he is au-
thorized and directed to prosecute and defend any pending suits
by or against said railway company "affecting said mortgaged prop-
erty," and to bring such suits as may be necessary in the discharge
of his duties as receiver for securing and protecting "said mortgaged
property." His powers are limited to the mortgaged property.
There is nothing in the record from which it is made to appear that
the moneys claimed in the suit by the plaintiff from the defendant
constituted any part of the mortgaged property.

Under these circumstances the receiver could not himself have
brought suit on the claim, nor have included it in the assets in his
hands as receiver. He could not have been permitted to intervene
in the suit as first brought before the defendant's set-off was filed,
not being a party in interest; and for the same reason the claim
remained the property of the corporation, suable by the corporation
itself, and subject to all proper defenses and sets-off against the cor-
poration. In Smith v. McCullough, 104 U. S. 25, this state of facts
existed: A railroad mortgage was foreclosed in proceedings in
which a receiver had been appointed. There were certain county
bonds, the property of the railroad company, in the hands of one
McCullough. Pending the receivership, sundry creditors of the
railroad company attached these bonds in the hands of McCullough
for claims against the company. And a contest arose between them
and the receiver as to the ownership of the bonds, and their right
to recover on them. The court construed the mortgage, and held
that these bonds did not pass under it; that they therefore never
passed to the receiver, but remained the property of the company,
subject to its debts, and recoverable in suits against it to which the
receiver was not a party. But, the court having refused to permit
the receiver to intervene as a party plaintiff in the suit, was it
proper afterwards to permit the defendant to set off against the
claim of the plaintiff coupons upon the mortgage bonds maturing
after the receiver was appointed? These coupons affected the
mortgaged property, and were part and parcel thereof. They
were cut off the bonds secured by the mortgage. The duties of the
receiver involved provision for their payment, and examination into
their validity. The whole scope and purpose of the receivership
were designed to secure as much as possible for all holders of the
bonds and coupons equally. It was the province of the receiver
to defend all suits affecting the mortgaged property. As a set-off
is in the nature of a cross action, the setting up these coupons as
sets-off was practically the bringing of an action upon them. To
such an action the receiver, under the terms of the order appointing
him, had the right to be a party. As the receiver had no right to

be made a party to the suit on the cause of action set up because he had no interest therein, the defendant could not set off against this cause of action coupons in which he did have an interest. The claim set out in the declaration, and the coupons maturing after the receiver was appointed, were not in the nature of mutual credits or mutual debts. In permitting these coupons to be used as sets-off, the court below erred. Its judgment is reversed, and the cause is remanded to the circuit court with instructions to grant a new trial.