WHEELING BRIDGE & TERMINAL RY. CO. v. COCHRAN.

(Circuit Court, N. D. Ohio, W. D.    January 8, 1898.)

RECEIVERS—ANCILLARY APPOINTMENT—COMITY.

A receiver who, in the court of his primary appointment, obtained a continuance of an action pending therein, on condition that he would not press to trial a suit then pending between the same parties in the court of his ancillary appointment, will not be permitted by the latter court to violate the condition, when the opposite party insists on its observance by a motion for continuance.

This was an action by the Wheeling Bridge & Terminal Railway Company against Mattie D. Cochran, executrix of the last will and testament of Robert H. Cochran, deceased. The case was heard on a motion by the defendant for a continuance.

Smith & Beckwith, for plaintiff.
Kinney & Newton, for defendant.

Before HAMMOND and RICKS, District Judges.

PER CURIAM. We should have no difficulty in denying this application for continuance, were it not for the condition imposed by the circuit court of the United States for the district of West Virginia, at Wheeling, in the order granting a continuance in the suit pending in that court. We might possibly, with all due comity, disregard that condition in determining this motion, were it not for the fact that the present plaintiff is the receiver appointed by that court, especially amenable to its control beyond that common jurisdiction which a court exercises over the parties to a suit. It is true that he also is a receiver in the ancillary proceedings here in this state, but the court in West Virginia is the court of original cognizance, and has jurisdiction of the primary administration of the affairs of the insolvent plaintiff company. We do not know, from this record, why

the receiver of the plaintiff company asked for a continuance of the cause pending in that court; but, whatever the reason may be, the continuance was extended to him upon the express condition that he should not press for a trial of his case in this court. That condition is, in our judgment, tantamount to an order upon the receiver, by the court appointing him, not to proceed with this case until the next term of the court in West Virginia. Possibly, if it were an ordinary case where the element of the plaintiff's being a receiver of the court did not exist, the acceptance of the continuance by the plaintiff, with such a condition attached, would bind him to it, and estop him from demanding a trial here, although it is true that he objected to the condition at the time it was imposed. Nevertheless, he accepted the continuance, and the acceptance carried with it an implied obligation to observe the condition upon which the continuance was granted. It may be that, technically, he would incur only the penalties of a contempt of that court for violating the conditions of its orders, that the court here should not be concerned with the penalties for that contempt, and might go on with the trial of this case in spite of that condition; but we prefer to base our judgment upon the ground that, as a receiver of that court, he is bound to obey its orders. There is presented by the motion a somewhat peculiar situation which requires some explanation for a proper understanding of the ruling we have just made.

It seems that the Wheeling Bridge & Terminal Railway Company commenced an action in the court of West Virginia against Robert H. Cochran, the decedent, in his lifetime, to which, by a cross action, he pleaded what is called a "bill of set-offs," and that he obtained a judgment against the plaintiff company on his cross action, which, on error to the circuit court of appeals for the Fourth circuit, was set aside, and a new trial granted. 15 C. C. A. 321, 68 Fed. 141. Cochran meantime moved to Ohio, or possibly already lived here when suit was brought in West Virginia. He died here in possession of considerable property, leaving the defendant, his executrix, in Ohio. The suit in West Virginia was revived against and in favor of an administrator of his estate appointed in West Virginia. The plaintiff company, becoming insolvent, was placed in the hands of a receiver in the United States court in West Virginia,—the same court in which its suit was pending against Cochran. The plaintiff company, however, after the death of Cochran, brought this suit in Ohio, alleging precisely the same cause of action that was set up in the suit in West Virginia against Cochran in his lifetime, making his Ohio executrix the defendant. It was held by this court, upon plea or demurrer, that the pendency of the suit in West Virginia was neither an abatement of nor a bar to the suit here, and that the receiver could proceed pari passu in either jurisdiction. Last September, the case coming on in the circuit court of the United States in West Virginia, the receiver made an application for a continuance, as to the grounds of which we are not informed. The defendant in that suit resisted the application for continuance, and insisted that the trial should proceed there. The court granted the application for continuance, but, to use the language of the court, "upon the terms and conditions

that the said action pending in the circuit court of the United States in Ohio shall not be pressed for trial by the said receiver at any time before the next term of this court. The condition upon which the continuance is granted is objected to by the receiver."

Now, while these cases may proceed in either jurisdiction at the same time, and probably, if it be true, as stated in the briefs of counsel, that the main body of the assets is here in Ohio, the jurisdiction of the domiciliary administration, it would be desirable to the plaintiff receiver to hasten a decision and judgment in his favor here in Ohio, where the assets are, rather than in the jurisdiction of the ancillary administration, where it is said the assets are meager. And it may be true, as stated by counsel for the plaintiff, that a judgment in West Virginia, against the ancillary administrator there, will not be binding against the domiciliary executrix here in Ohio, and that it will not be receivable, even as evidence, in the administration of the estate here, and that the plaintiff may be required to obtain judgment in this suit before he can reach the assets in Ohio. Yet, inasmuch as the plaintiff has been directed, by the court which originally appointed him, not to proceed with his suit here until the coming of another term of the court in West Virginia, and has accepted an order of continuance containing that direction as a condition of its grant, we think the defendant has a right to insist upon his compliance with that condition, whether she could do so in ordinary cases or not. A receiver is certainly bound by the orders of the court appointing him as to the litigation which he is conducting, and a special comity due in such cases to the court making the appointment demands that all other courts should aid in enforcing its orders. Continuance granted.