### GEORGE ELLIS ET AL. v. J. B. COCHRAN, TRUSTEE.

#### No. 684.

1. **Construction of Trust Deed.**—The language used in a lumber dealer's trust deed, "all my stock of lumber of every class and kind, materials, fixtures, and improvements used by me in conducting a lumber business," includes a stock of paints and oils on hand, when the evidence showed that he used paints and oils in conducting his business.

2. **Parol Evidence Admissible.**—It was proper to show by parol evidence the character and scope of the business conducted by the lumber dealer, and the articles of property used by him in conducting it, in order to ascertain the things to which the term "materials" could have application.

3. **Evidence of Intent.**—Evidence of the intention of the trustee and the maker of the trust deed, was inadmissible, as that is to be ascertained by the interpretation and construction of the language of the deed; but, as a proper construction of it showed the intention to be the same as was testified to, its admission was harmless error.

APPEAL from Harris. Tried below before Hon. S. H. BRASHEAR.

*Ford & McComb*, for appellant Ellis.—1. Where a trustee claims that certain property, described in his petition, passed to him under a deed of trust made to him to secure certain of the creditors of the grantor in the deed of trust, and there is no specific mention of said property in said deed of trust, then, unless as a matter of law it would be held to be included in and pass to the trustee under some general term used in the deed of trust, such deed of trust would not be admissible to show title in the trustee, unless proper specific allegations were made in plaintiff's petition to warrant the introduction of extrinsic evidence to show that the specific property passed to the trustee under some term used in the deed of trust, which term would, without such specific allegation, be uncertain or ambiguous in its meaning. Connor v. Littlefield, 79 Texas, 76; Smith v. McCulloch, 104 U. S., 105; 14 Am. and Eng. Encyc. of Law, 976.

2. The intention of the grantor in the deed of trust can not be shown by oral testimony. It is incompetent to explain the scope and meaning of the deed of trust by such testimony. Van Evan v. Davis, 51 Iowa, 637; 2 N. W. Rep., 509; Hurd v. Gallaher, 14 Iowa, 394; Powers v. Freeman, 2 Lans. (N. Y.), 127.

3. The court erred in permitting F. H. Ray to testify for plaintiff, over objection of defendant's counsel, that the paints and oils described in plaintiff's petition were a part of the stock and material used by him in conducting his lumber business, and that he intended to include said paints and oils in the deed of trust made by him to J. B. Cochran.

Hurd v. Gallaher, 14 Iowa, 394; Powers v. Freeman, 2 Lans. (N. Y.), 127.

*Jones & Garnett,* for appellee—1. The court did not err in admitting in evidence the deed of trust referred to, for the reason that it is not necessary that the property conveyed in it should be so described as to be capable of being identified by the written recital, or by the name used to designate it in the deed of trust, parol evidence being admissible to show that a particular article is embraced within the general words of a description; and because written descriptions of property are to be interpreted in the light of the facts known to and in the minds of the parties at the time; and because the petition alleged, and the uncontradicted proof showed, that the paints and oils in question were in fact a part of the materials comprising F. H. Ray's stock in trade in his lumber business. Jones on Chat. Mort., secs. 53, 54.

2. Even if the court had erred in admitting oral testimony as to what Ray's intention was in executing the deed of trust, and as to what property was intended to be conveyed therein, still the error would be harmless and utterly immaterial, because the uncontradicted facts show that the term materials as used in the deed of trust did embrace the paints and oils, for the value of which this suit is brought; and that the same were seized and converted, as alleged by plaintiff.

WILLIAMS, ASSOCIATE JUSTICE.—One F. M. Ray was engaged in business in the city of Houston, as a lumber dealer, and had in his stock, in addition to lumber, sash, doors, blinds, and other material used for the building of houses, a lot of paints and oils. On the 28th day of January, 1893, he executed a deed conveying to appellee, Cochran, in trust to secure certain creditors, the property described therein, as follows: "All my stock of lumber of every class and kind, materials, fixtures, and improvements, situated on block number 114, S. S. B. B., in the city of Houston, Harris County, Texas, and used by me in conducting a lumber business in said city of Houston; all my wagons, horses, mules, and harness used by me in connection with and in carrying on said business; said teams, etc., consisting of four mules and one horse and harness for same; three wagons; all book accounts due and owing to me; all papers and books, iron safe, and fixtures of every kind contained in the office, situated on said premises aforesaid, and used in connection with said business."

Under this deed Cochran took possession of all the property, including the paints and oils, and was holding it as trustee, when, on the 7th day of February, 1893, the appellant, Ellis, as sheriff of Harris County, levied upon the paints and oils under a writ of attachment in favor of F. Hammer Paint Company, and against F. M. Ray, and subsequently sold and converted the same to the use of the plaintiffs in the attachment.

. This suit was brought by appellee to recover the value of the goods thus converted, and the trial resulted in a judgment in his favor, from which this appeal is prosecuted.

It was shown that, in his business, Ray kept such articles as lumber, sash, doors, blinds, and other material needed in the construction of houses, and that, shortly before he executed the deed of trust, he concluded to keep, also, paints and oils, and purchased the lot in question from the plaintiffs in the attachment suit, and had never paid for it.

Others, engaged in the same character of business in Houston as that of Ray, kept in stock paints and oils to supply the wants of their customers, though there was among them no uniform custom in this particular.

When the deed was executed, nothing was said as to the paints and oils, but all of the property on hand, including them, was at once delivered by Ray to the trustee. Both Ray and Cochran testified, that it was the intention of the former to convey the paints and oils.

The contention of appellants is, that the deed did not pass the property in controversy, and that the parol evidence, above stated, was inadmissible.

Upon a mere inspection of the instrument, the court could not determine what particular articles passed by the descriptive terms used. Anything which Ray had and used "in conducting a lumber business in Houston," which was fitly and appropriately described by the word "material," evidently passed to the trustee. What those things were, was a question which must be solved by parol evidence identifying them, and "must be solved so as to give effect to the intention of the parties, to be collected as well from the words of the instrument as from the circumstances attending its execution." Smith v. McCullough, 104 U. S., 27. It was proper, therefore, to show by evidence the character and scope of the business conducted by Ray, and the articles of property used by him in conducting it, in order to ascertain the things to which the term "materials" could have application. In this connection, it was admissible also to show the course of dealing among other dealers in the same business, though in this instance, such evidence was perhaps unnecessary and inconclusive.

When it appeared that Ray was a dealer in materials for building purposes, and kept such articles as paints and oils, the clear operation of the deed was, we think, to pass them to the trustee as "materials." That word is constantly and commonly used to designate any article employed in the erection and completion of buildings. It includes paints and oils as clearly as it includes lumber, sash, doors, blinds, and other things commonly called building material. 14 Am. and Eng. Encyc. of Law, 976; Jones on Chat. Mort., secs. 53, 54.

The statement of Ray and Cochran as to their intention was, we think, inadmissible. The intention is to be ascertained by an interpretation and construction of the language used in the deed, in connection with evidence showing the surroundings of the parties and identifying

the property, which such language appropriately designates; but, as by such a construction the intention in this instance is ascertained to be the same as that to which the parties testified, the admission of this evidence was harmless error.

The judgment is affirmed.

*Affirmed.*

Delivered November 1, 1894.