MALLORY et al. v. MARYLAND GLASS CO.

(Circuit Court, D. Maryland. July 6, 1904.)

1. MORTGAGES—MANUFACTURING PLANTS—AFTER-ACQUIRED PROPERTY.

A mortgage on the plant of a glass factory covered the plant, together with all improvements, extensions, enlargements, and additions constructed or required by the company, and all appurtenances, machinery, appliances, piers, wharves, tanks, pipes, etc., now or hereafter to be erected and contructed, "and also all the property, real, personal, and mixed, * * * now owned by [the mortgagor] or hereafter to be acquired by it, together with all improvements thereon and all rights and appurtenances appertaining thereto." *Held*, that the quoted clause should be construed to refer only to personal property appurtenant to the fixed property of the mortgagor, and did not cover after-acquired merchandise manufactured by the mortgagor for sale in the ordinary course of business.

In Equity.

Ritchie & Janney, for Bernard N. Baker.

William Reynolds, Francis K. Carey, Benzinger & Calwell, and Foster & Foster, for exceptants.

MORRIS, District Judge. All the exceptions to the master's report were disposed of orally at the hearing, except as to the claim urged on behalf of Mr. Baker to have the fund arising from the sale of the merchandise which had been produced at the glass factory, and was sold by the receiver, awarded to him by reason of his mortgage.

The defendant corporation was incorporated under the laws of New Jersey, and erected a factory near Annapolis, Md., for the purpose of

manufacturing glass bottles. On April 25, 1903, the complainants, who are creditors of the corporation, filed their bill of complaint in this cause, alleging the inability of the company to pay its debts; that it was doing business at a loss, and was threatened with suits; and that the interest of all its creditors required that receivers should be appointed to preserve its property, and realize as much as possible from its assets for the benefit of its creditors. The company answered, consenting, and receivers were appointed.

Under orders of court, all the property has been sold and debts collected. The real estate and plant was sold subject to mechanic's lien claims for considerable amounts, and subject to Mr. Baker's mortgage of $50,000, and brought only a nominal sum, as it was not worth the incumbrances. From the proceeds of other assets, labor claims amounting to about $1,900, which by statute have priority, have been paid; and, after deducting expenses, there remains, principally from the sales of glass bottles which had been manufactured by the company, and were at the factory when the receivers were appointed, and were sold by them, a fund of about $2,000, now to be dealt with.

The general creditors, some of whose claims are for material supplied to the factory, out of which the bottles were made, amount to about $14,000, and they have excepted to the master's report and account, which awards the balance of the funds to Mr. Baker on account of his mortgage claim. At the receiver's public sale of the real estate and plant the property was knocked down to Mr. Baker for $10, subject to the liens and subject to his mortgage. It has been shown to have been worth not over $31,000, so that there is a large deficiency due Mr. Baker in respect of his mortgage for $50,000; and I do not doubt that, if his mortgage gives him a lien, as against the general creditors, on the merchandise which produced the fund now in the hands of the receivers, he is entitled to have the fund awarded to him. The merchandise in question was the product of the factory manufactured after the date of Mr. Baker's mortgage, and the question is as to his mortgage lien on this after-acquired merchandise. The mortgage was, in substance, in the general form, and was not in default in any way at the time the bill of complaint was filed. After describing the real estate, it contains the following:

"And all and singular the plant of the Maryland Glass Company now erected and located on the lots of ground above mentioned, or either of them, together with all improvements, extensions, enlargements and additions thereto now or hereafter to be owned, constructed or acquired by said company, and all the appurtenances, machinery and appliances, piers, wharves, tanks, pipes, boilers, sheds, boiler houses, and structures of every kind and description now erected and constructed, or hereafter to be erected and constructed on said lots or either of them.

"And also all the property, real, personal and mixed, of the said Maryland Glass Company now owned by said company, or hereafter to be acquired by it, together with all improvements thereon, and all rights and appurtenances appertaining thereto."

It is under the clause last above quoted, and which I have underlined, that it is claimed the mortgagee is entitled to the aforesaid fund.

The First National Bank v. Lindenstruth, 79 Md. 136–140, 28 Atl. 807, 47 Am. St. Rep. 366, was a case of a mortgage of a stock in trade,

in which provision was made that all stocks of goods replacing any of the granted goods should be substituted for those granted, and that the debt intended to be secured should be a lien upon all the goods then on hand and on those substituted for them. Speaking of this mortgage as to the after-acquired goods, the Court of Appeals of Maryland said:

"Such a provision, whilst not of itself rendering the mortgage void, as fraudulent, is at law simply a nullity. It is the settled doctrine of the Maryland courts that a provision such as this in an ordinary mortgage creates no lien at law on after-acquired property. Hamilton v. Rogers, 8 Md. 301; Rose & Ganss v. Bevan et al., 10 Md. 466 [69 Am. Dec. 170]; Wilson v. Wilson, 37 Md. 1 [11 Am. Rep. 518]; Crocker v. Hopps, 78 Md. 260 [28 Atl. 99]. There are conditions under which a covenant like this would be held valid in equity, but they are not presented here. Butler v. Rahm, 46 Md. 541."

The ground upon which a recorded mortgage of after-acquired property is held effective in equity, although a nullity at law, has been stated to be:

"That whenever the parties by their contract intend to create a positive lien or charge either upon real or upon personal property, whether then owned by the assignor or contractor or not, or, if personal property, whether it is then in esse or not, it attaches in equity as a lien or charge upon the particular property as soon as the assignor or contractor acquires a title thereto against the latter, and against all persons asserting a claim thereto under him, either voluntarily or with notice or in bankruptcy." Mitchell v. Winslow, 2 Story, 630, 644, Fed. Cas. No. 9,673.

This doctrine has been applied in numberless cases in equity, but most frequently in cases of mortgages to secure bonds issued by railroad and canal companies and similar quasi public corporations, where the dismemberment of the enterprise by seizing and separating any part of the after-acquired property which has been added to the original equipment in order to make it more efficient would interfere with the performance of its quasi public functions. Such added chattels and augmentation of the plant might almost be presumed to be included in the words of a general grant. The present case is that of a private manufacturing corporation. The glassware manufactured by it must have been intended to have been sold. The object of the company and its plant, and the enterprise which the mortgagee assisted by his loan of money, was to produce glassware as a commercial article for immediate sale in the regular course of business. In considering the language of the clause of the mortgage now under consideration, so far as the after-acquired glassware is concerned, we start with the fact that the glassware was intended to be sold as produced, and was not intended to be added to the plant, either in augmentation of its efficiency, or in substitution of machinery or implements worn out and necessary to be kept up, or to in any way increase the permanent value of the plant. With this idea in mind as to the supposed subject-matter of this clause of the mortgage as indicating the intention of the parties, we are to consider whether the language used indicates an intention that the glassware was to be subject to the lien of the mortgage.

It is only because, as between the parties, their clear intention and express contract is permitted to govern, notwithstanding its invalidity at law, that in equity the lien on after-acquired property is upheld. It

131 F.—8

is in the nature of compelling a specific performance of a contract, and, to be entitled to favorable consideration, its terms should be free from ambiguity.

The clause is:

"And also all the property, real, personal and mixed, of the said Maryland Glass Company, now owned by said company, or hereafter acquired by it, together with all improvements thereon, and all rights and appurtenances appertaining thereto."

It seems to me that the fair intention and meaning of that clause, under the circumstances of the case, may well be taken to mean the personal property in some way appurtenant to the fixed property of the company, and not the merchandise made for sale, and being sold day by day. In the previous clause, in speaking of the fixed structures, such as piers, wharves, tanks, pipes, boilers, etc., which would hardly need enumeration in order to pass by the grant of the land and plant, they are specified with abundant care; and it is not overstrained to say that any one reading the second clause would properly conclude that, if the goods produced by the factory were intended to be covered, they would be mentioned. Smith v. McCullough, 104 U. S. 25, 26 L. Ed. 637.

It does not seem to me to have been the clearly expressed intention that the goods manufactured for sale were to be subject to the mortgage. The words "together with all improvements thereon, and all rights and appurtenances appertaining thereto," do not suggest a grant of glassware, but tend to exclude that idea, in a document so carefully drawn as this mortgage. It is only equitable that if a mortgage which asserts a right expressly denied at law, and the effect of which, as to the goods produced for immediate sale, would be so contrary to the intended and actual dealings under it, and which is so markedly in derogation of the rights of creditors, who give credit to the factory on the expectation of its paying its current bills for supplies out of the unrestricted current sales of its product, is to be upheld in equity because of the intention of the parties to the mortgage, the language in which the mortgage lien on such goods is attempted to be given should be unmistakable.

The question is not without difficulty. It has been most ably presented by counsel for the mortgagee, and very carefully considered by the special master in his excellent report; but, upon the best consideration I can give it, I think the exception should be sustained, so far as the fund has resulted from the sale of merchandise intended for sale, and not from articles in some sense appurtenant to the plant.