**COCHRANE et al. v. W. F. POTTS SON & CO., Inc., et al.**

No. 5810.

Circuit Court of Appeals, Fifth Circuit.

March 13, 1931.

Rehearing Denied April 24, 1931.

Marshall B. Wood, of West Palm Beach, Fla., for appellants.

R. J. Bacon and A. L. Rankin, both of West Palm Beach, Fla., for appellees.

Before FOSTER, Circuit Judge, and HUTCHESON and SIBLEY, District Judges.

HUTCHESON, District Judge.

Appellants, as successor trustees appointed by a Florida state court, appeal from the order of the court below denying the prayer of their intervention for the surrender to them of the securities collateral to five of six separate bond issues, A, B, C, D, and F of the Mortgage Investment Company, each of said bond issues separately secured by collateral trust deed.

The suit in which the intervention was filed was started by the petition of W. F. Potts Son & Co. a corporation of the state of Pennsylvania, as the holder of $3,800 of bonds of series E of the six bond issues above referred to.

In that suit as originally brought the Palm Beach Guaranty Company and its officers and directors were the sole defendants, and it was alleged therein that plaintiff owned certain bonds of series E; that the Mortgage Investment Company which had issued the bonds was a mere fictional creature, invented and set on foot by the Palm Beach Company as guarantor of the bonds, for the purpose of working a fraud.

The petition declared that the bonds of the six issues in the hands of the public aggregated one million and a half dollars; that the original trustees in the bond issue had be-

come disqualified; that the Palm Beach Guaranty Company, which was authorized under the terms of the trust deeds to appoint successors, had made an appointment, but that said appointment was fraudulent and the successor trustee had abandoned the state. The petition concluded with a prayer that the court appoint a receiver to take charge of the securities of, and act as successor trustee in, all the issues. Outside of series E of which plaintiff claimed to own $3,800 of the bonds, no claim of lien, express or implied, was made.

A supplemental petition naming as additional defendants the Mortgage Investment Company, Williamson, trustee in bankruptcy of the Mortgage Investment Company, and John B. Cunningham, as "custodian of the personal property of the Palm Beach Guaranty Company in bankruptcy proceedings pending," reciting the necessity for the appointment of a temporary receiver, and having attached to it and filed with it acceptance of service and notice by John B. Cunningham, as custodian, etc., was on November 24th filed in the cause. No process was issued upon this petition, and neither of the other defendants named in it, the Mortgage Investment Company, nor Williamson, trustee, ever appeared.

Upon the filing of the amended petition the court appointed John B. Cunningham temporary receiver for all the documents, papers, mortgages, securities, and choses in action under the six trust series, and he was directed to take possession of all such securities and hold the same subject to the further orders of the court.

At the time of the appointment of Cunningham, the securities were in the possession of the Florida State Bank, receiver, which bank had, prior to its failure, been trustee under each of the said trusts.

Tunnicliffe, the state bank receiver, delivered all of the securities, documents, etc., to Cunningham, and thereafter C. L. Kegerries, one of the appellees, a citizen of the state of Florida, intervened as party plaintiff, claiming an interest under series C of the bond issues, and adopting the pleadings of Potts prayed for the same relief.

On January 6, though the Palm Beach Guaranty Company had filed pleadings which had never been disposed of, a decree pro confesso was erroneously taken against it. Upon this decree there was afterwards entered a final judgment, making the appointment of the receiver permanent. This decree recited that by default the Palm Beach Guaranty

Company had admitted that the Mortgage Investment Company was a fraud and pretense; that it (the Palm Beach Company) was in fact the real primary obligor on the bonds which it had assumed to guarantee.

Following such recitations, the court appointed a permanent receiver and trustee over the properties, the securities for the six series of bonds, as to four of which no person was before the court claiming to have any interest whatever, and as to one of which series C the only claimant by intervention was a resident citizen of Florida, of which state the defendants also were citizens.

While these proceedings were going on in the federal court, persons interested in each of the five series of bonds other than series E applied to and secured the appointment, by the proper Florida state court, of the appellants here, Cochrane and Himes, as trustees for each of said issues. These trustees then filed in this cause what they styled interventions, asking the court to direct the receiver to deliver and turn over to them, as the rightful trustees, the securities in his possession belonging to bond issues A, B, C, D, and F.

The District Court denied appellants' petition upon the ground that it having already appointed Tucker receiver and successor trustee under each of said deeds of trust, and the receiver having taken possession of the res and being in possession of it at the time the suits for the appointment of successor trustees were filed in the state court, such suits constituted an attack upon the jurisdiction of the federal court, and the decrees rendered in them were therefore void and without authority.

From that order appellants prosecute this appeal, asserting under many assignments substantially the following contentions.

That the United States court, though its receiver was in possession of, had never acquired jurisdiction over, any of the securities belonging to series A, B, C, D, and F to retain them against appellants' interventions, because as to such series A, B, D, and F no claim of interest in or right to any of their subject-matter has been asserted in this court; while as to series C jurisdiction is wanting, because both Kegerries, the intervener claimant, and the defendant are citizens of the same state.

Appellants therefore assert that the acts of the federal, rather than of the state, court were coram non judice, and that upon the interventions of appellants pro suo inter esse (Krippendorf v. Hyde, 110 U. S. 276, 4 S.

Ct. 27, 28 L. Ed. 145; Phelps v. Oaks, 117 U. S. 236, 6 S. Ct. 714, 29 L. Ed. 888; Simkins on Federal Practice p. 737) the court should have ordered the securities in the physical possession of its receiver delivered to them.

Admitting that if the federal court had jurisdiction of the properties in question, it had a right to continue possession of the property and to refuse to deliver it to them (Lion Bonding Company v. Karatz, 262 U. S. 77, 43 S. Ct. 480, 67 L. Ed. 871), they say that since it had no jurisdiction over these properties, its order appointing a receiver to take charge of them was void (Lion Bonding Co. v. Karatz, 262 U. S. 77, 43 S. Ct. 480, 67 L. Ed. 871; Pusey & Jones Co. v. Hanssen, 261 U. S. 500, 43 S. Ct. 454, 67 L. Ed. 763), and that its act in physically seizing the securities did not, unless the subject-matter was by proper pleadings already before the court, aid its jurisdiction.

That "courts may not seize property without jurisdiction, and then claim jurisdiction over the property because it is in the possession of the court." Hawes v. First National Bank of Madison (C. C. A.) 229 F. 51, 59.

They deny that the state court has undertaken in any way to interfere with the actual, though wrongful, possession of the federal court. They say that no action seeking to affect these securities has been taken in the state court, the action there being merely one in personam, for the appointment of trustees [Cone v. Cone, 61 S. C. 512, 39 S. E. 748; Holcomb v. Kelly (Sup.) 114 N. Y. S. 1048; 39 Cyc. 281], and that this being so, the action of the state court in no way constituted an interference with the jurisdiction of the federal court [I. & G. N. R. Co. v. Adkins (D. C.) 14 F. (2d) 149; Kline v. Burke Construction Co., 260 U. S. 226, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077; Lion Bonding Co. v. Karatz, 262 U. S. 90, 43 S. Ct. 480, 67 L. Ed. 871].

Finally, they assert that the trustees so appointed, having applied thereafter as they ought in courtesy to have done, not to the state court, but to the federal court, because of its actual though wrongful possession of the securities, for an order directing their delivery over to them, the court below should have, upon interveners making known to it that the receiver was in possession without authority to hold it, of property to which they were entitled, ordered it delivered to them. Wheeler v. Walton & Whann Co. (C. C.) 64 F. 664; Tift v. Southern Ry. (C. C.) 159 F. 555; Scott v. Farmers' Loan & Trust Co. (C.

C. A.) 69 F. 17; Smith v. McCullough, 104 U. S. 25, 26 L. Ed. 637; Hawes v. First National Bank (C. C. A.) 229 F. 51; Brictson Mfg. Co. v. Woodrough (C. C.) 284 F. 484; Central Trust Co. v. Worcester (C. C.) 114 F. 659.

■ We think that it must be held that appellants are right, and that the court below having improvidently, and without jurisdiction so to do, taken possession of the securities, should have surrendered them.

It is true enough that, "Where a court of competent jurisdiction has, by appropriate proceedings, taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. * * * The court which first acquired jurisdiction through possession of the property is vested, while it holds possession, with the power to hear and determine all controversies relating thereto. It has the right, while continuing to exercise its prior jurisdiction, to determine for itself how far it will permit any other court to interfere with such possession and jurisdiction," Lion Bonding Co. v. Karatz, 262 U. S. 77, 43 S. Ct. 480, 484, 67 L. Ed. 871, and had the court below had jurisdiction of the subject-matter here in controversy, its acts would have been unexceptionable.

That it did not have jurisdiction of the subject-matter a brief review of the applicable law will, we think, make plain.

"Jurisdiction of a court means, the power or authority which is conferred upon a court, by the constitution and laws, to hear and determine causes between parties, and to carry its judgments into effect." Withers v. Patterson, 27 Tex. 495, 86 Am. Dec. 643. .

"When a court is moved by one party to enforce a claim or decide a controversy, and for that purpose brings before it the other party, this is obtaining jurisdiction of the person." 7 R. C. L. 1038.

"Where judicial tribunals have no jurisdiction of the subject matters on which they assume to act, their proceedings are absolutely void in the strictest sense of the term." 7 R. C. L. 1042.

"A court will recognize want of jurisdiction over the subject matter even if no objection is made, and therefore whenever a want of jurisdiction is suggested by the court's examination of the case or otherwise, it is the duty of the court to consider it, for if the court is without jurisdiction, it is powerless to act in the case." Same, p. 1043.

"Jurisdiction may be concisely stated to be the right to adjudicate concerning the subject matter of a given case." Withers v. Patterson, 27 Tex. 491, 86 Am. Dec. 643; 7 R. C. L. 1029.

■ Nor are authorities wanting to support the precise proposition contended for here that where property has been taken possession of, and a receiver appointed under the apprehension that the mortgage being foreclosed covered it, upon ascertainment that it did not do so the property should be released. Central Trust Co. v. Worcester Mfg. Co. (C. C.) 114 F. 659; Scott v. Farmers' Loan & Trust Co. (C. C. A.) 69 F. 17; Smith v. McCullough, 104 U. S. 25, 26 L. Ed. 637; Brictson Mfg. Co. v. Woodrough (C. C.) 284 F. 484.

Examining the jurisdiction of the court over the securities in controversy, in the light of these principles, it is perfectly plain that as to none of the bond issues, or the collateral securing same, excepting issue E, did the plaintiffs' pleadings put their subject-matter at issue, or bring them within the ambit of the court's jurisdiction; for while there were general allegations of fraud and confusion in the matter of the affairs of the two companies, the plaintiffs' pleadings limited their claim to the bond issue E and nothing was alleged to set up any claim against or charge upon the other securities.

■ As to the securities in series C, while it is true that Kegerries, the intervener, did assert some interest in them, it is equally true that the absence of the requisite diversity of citizenship as to this issue prevented the court from acquiring jurisdiction over them.

The judgment of the court below is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.