**RUSSELL v. EDMONDSON et al.**

**In re GODFREY MARBLE CO.**

No. 6155.

Circuit Court of Appeals, Fifth Circuit.

May 29, 1931.

Frank A. Holden, of Atlanta, Ga., Horace M. Holden, of Athens, Ga., and Frank R. Martin, of Atlanta, Ga., for appellant.

John L. Tye, Jr., of Atlanta, Ga. (Tye, Thomson & Tye, of Atlanta, Ga., on the brief), for appellees.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment vacating a restraining order, issued by the referee, which enjoined the sale of certain real estate belonging to the Godfrey Marble Company, against which a petition for involuntary bankruptcy had been filed, and dismissing the petition of a receiver appointed to said company for an injunction to permanently stay the sale.

It appears without dispute from the record that on December 1, 1926, the Godfrey Marble Company executed and sold a series of bonds secured by a first mortgage on certain real estate in Fulton county, Ga., naming appellee the Atlanta Trust Company as trustee. A default occurred and the trustee instituted foreclosure proceedings in the superior court of Fulton county on July 2, 1930. A decree of foreclosure was entered on November 4, 1930, and appellee Edmondson was appointed commissioner to make the sale. The property was advertised for sale on December 2, 1930. On that date the proceedings in bankruptcy were instituted, and appellant was named as receiver. He immediately applied to the referee for a restraining order to stop the sale, on the ground that the outstanding bond issue was approximately.$23,000, while the property was carried on the books of the company at a net value of $97,000, and that he believed that it could be administered to the best interests of the creditors in the bankruptcy court. No allegation of fraud in the execution of the mortgage was made, nor was the good faith of the trustee in instituting the foreclosure proceedings attacked.

It is evident that the jurisdiction of the state court attached more than five months before the bankruptcy proceedings were instituted. The proceedings in the state court were to enforce a valid existing lien, not dependent upon the institution of that suit. Regardless of any conflict of authorities that may have heretofore existed, it is now settled that in the circumstances shown the federal courts will not interfere with the orderly procedure in the state courts because of the intervention of bankruptcy. Straton et al., Special Commissioners, v. New, Trustee, 51 S. Ct. 465, 75 L. Ed. ——, decided April 20, 1931. If there is any equity for the general creditors in the property, the trustee may obtain it by proper proceedings without bringing about an unseemly conflict of jurisdiction between the state and the federal courts.

The record presents no reversible error. Affirmed.