## BRYAN v. SPEAKMAN.
### No. 6288.

Circuit Court of Appeals, Fifth Circuit.
Nov. 2, 1931.

W. E. Norvell, Jr., of Nashville, Tenn., James H. Anderson, of Chattanooga, Tenn., and Samuel Nesbitt Evins, of Atlanta, Ga., for appellant.

Robert C. Alston and Philip H. Alston, both of Atlanta, Ga., and Saul S. Myers and Selden Bacon, both of New York City, for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant is the receiver of a state court of competent jurisdiction, appointed in a suit

to foreclose a mortgage and deed of trust. Appellee is an ancillary receiver appointed by the District Court of the United States for the Northern District of Georgia in a bankruptcy proceeding commenced in the United States court for the District of Delaware, against the mortgagor, the Lookout Mountain Hotel Company. The mortgage was executed and attested before witnesses, one of whom was a notary public of Hamilton county, Tenn., on July 1, 1927, and immediately thereafter recorded in Walker and Dade counties, Ga., where the mortgaged property lies. Defaults having occurred, the trustee in the mortgage on July 29, 1930, presented to the judge of the superior court of Walker county, Ga., its bill for foreclosure of the mortgage, for the appointment of a receiver, and for injunction. The petition was read, sanctioned, and ordered filed, and the hearing on the receivership application was by the court postponed until September 15, with the right accorded plaintiff therein to accelerate the hearing of the application for receiver upon twenty-four hours' notice to defendants. Process immediately issued on the bill, and was returned served on July 30, 1930.

Appellee was on September 5 appointed receiver by the District Court of Delaware, and on September 10 ancillary receiver by the United States District Court of Georgia. On that same day, pursuant to the order of that court to take possession of the assets and properties of the hotel company situated within its territorial jurisdiction, he did so. On September 15 appellant was appointed receiver by the Georgia state court, and under direction of that court he on October 3 filed his petition in the District Court for the Northern District of Georgia praying that appellee as receiver be directed to turn over to him the property covered by the mortgage. The matter, though set for hearing for October 11, was by postponements deferred until February 2, when it was heard. In the meantime the hotel company was adjudged bankrupt by the District Court of Delaware; appellee was on November 21 elected and qualified as trustee, and at the hearing appeared also in that capacity, insisting that as trustee he was entitled to custody, and that the court which had appointed him receiver, and under whose orders he had taken possession of the property, was without authority to direct him as receiver to turn it over to the state receiver.

At the hearing appellant, invoking the rule that pending suits to enforce specific liens not affected by the act will not be interfered with by the bankruptcy court, and

"that, as to all liens where foreclosure has commenced prior to the bankruptcy, the property covered thereby is not drawn into the bankruptcy court, but remains in the custody of the court of foreclosure. Griffin v. Lenhart (C. C. A.) 266 F. 671; Brown Shoe Co. v. Wynne (C. C. A.) 281 F. 807." In re Smith (D. C.) 3 F.(2d) 40, 42; Straton v. New, 283 U. S. 318, 51 S. Ct. 465, 75 L. Ed. 1117, 73 A. L. R. 1484; Russell v. Edmondson (C. C. A.) 50 F.(2d) 175, insisted that the custody of the state court having been interfered with the turn over order should be entered as of course. Appellee in addition to his contention, which in his capacity as trustee he made, that the court which had appointed him and under whose authority he had taken possession of the property in question, was, because its jurisdiction was merely ancillary, without authority to direct his relinquishment of it, and the contention that the filing of the petition in bankruptcy gave the court of bankruptcy constructive possession of all of the property of the hotel company as against prior foreclosure suits put in issue and sought to try in the federal court questions as to the validity of the recordation of the mortgage as against the trustee and creditors, the authority for the bringing of the suit, and whether the process, though actually issued and served in it, had been properly served. These questions appellant insisted must be tried in the state court of Georgia, which, having taken jurisdiction of the res by sanctioning the suit, was alone competent to try them.

At the conclusion of the hearing the District Court on March 17 handed down an opinion [50 F.(2d) 421, 424] in which, after announcing the view that if there was any equity for the general creditors the court of bankruptcy would have the right to prevent the state court from proceeding with the sale of the property, and that the ultimate decision as to the validity of the recordation of the deed of trust and whether there was any equity over the mortgage, was for the court of primary jurisdiction, concluded: "It is therefore ordered that the petition of the state receiver for possession of the property is hereby declined." Thereafter in connection with the preparation for appeal, the question having arisen whether the opinion of March 17 was not also an order, because of the last two lines of it, on May 14 an order was entered expunging these lines. On the same day findings of fact and conclusions of law were filed, and a decree entered "that the petition of the state receiver for

the possession of the property is hereby declined, and the petition is dismissed." From this decree appellant duly prosecuted his appeal as of right under section 24a, 11 USCA § 47 (a), and by petition to appeal under section 24b, 11 USCA § 47 (b). Appellee moved to dismiss both appeals; that under section 24a because the matter at issue is not "a controversy arising in bankruptcy proceedings"; that under section 24b because, though the petition for appeal was filed under Rule 39 and within the time required by law, the appeal was not also allowed within that time.

He contests both of the appeals as not taken timely on the ground that the time for taking them ran from March 18, when the opinion was filed, and not from May 14, when the decree was entered.

The motion to dismiss is without merit. The District Judge set at rest what question there ever was as to the effective date of his decree when he made his orders on May 14th expunging the last two lines of the opinion, filed his conclusions of law and of fact, and entered as of May 14th his final decree declining and dismissing appellant's petition.

The appellant properly perfected his appeal under both sections, as it was competent for him to do. Taylor v. Voss, 271 U. S. 176, 46 S. Ct. 461, 70 L. Ed. 889. We think it clear, however, that this is a real, a substantial controversy arising in bankruptcy proceedings, and that the appeal is of right under section 24a. Taylor v. Voss, supra; Clements v. Conyers (C. C. A.) 31 F. (2d) 563; Harrison v. Chamberlin, 271 U. S. 191, 46 S. Ct. 467, 70 L. Ed. 897. The order appealed from was a final order, definitely disposing of a real, a substantial right. Empire Trust v. Brooks (C. C. A.) 232 F. 641; Harrison v. Chamberlin, 271 U. S. 191, 46 S. Ct. 467, 70 L. Ed. 897. The state court, though conceiving that its possession had been wrongfully taken from it, directed its receiver to proceed in a seemly and orderly way by petition to the court under whose authority the possession had been taken, for an order for its return. Reisner v. G., C. & S. F. Ry., 89 Tex. 656, 36 S. W. 53, 33 L. R. A. 171, 59 Am. St. Rep. 84. This presented a real, a substantial issue as to whether the taking was wrongful, an issue which that court, which had seized the possession, was compelled to decide. From this decision an appeal as of right lies to this court. Clements v. Conyers (C. C. A.) 31 F.(2d) 563; Cochrane v. Potts Son & Co. (C. C. A.) 47

F.(2d) 1026; Harrison v. Chamberlin, 271 U. S. 191, 46 S. Ct. 467, 70 L. Ed. 897.

Upon the merits of the appeal also we think appellant has the right of it.

By the great weight of authority, it has always been the law that the rule which operates to prevent unseemly conflicts between state and federal equity courts, that that which first acquires jurisdiction of a res retains possession of it, Lion Bonding Co. v. Karatz, 262 U. S. 77, 43 S. Ct. 480, 67 L. Ed. 871; Hawes v. First National Bank of Madison (C. C. A.) 229 F. 51; Kline v. Burke Construction Co., 260 U. S. 234, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077; Cochrane v. Potts Son & Co. (C. C. A.) 47 F.(2d) 1026, has governed the relations between state courts and courts of bankruptcy. In re Smith (D. C.) 3 F.(2d) 40, 42; Russell v. Edmondson (C. C. A.) 50 F.(2d) 175; Straton v. New, 283 U. S. 318, 51 S. Ct. 465, 75 L. Ed. 1117, 73 A. L. R. 1484; In re Moore (D. C.) 42 F.(2d) 475.

Appellee, while conceding the general correctness of the rule, seeks to avoid its application here by the claim: (1) That it applies only where property has been taken into actual possession by officers of a court; and (2) that, even in such cases, a court of bankruptcy has the power to inquire into and determine the validity of the liens asserted in a state court by virtue of which that court has taken jurisdiction and asserted a right to possession. The case of Isaacs v. Hobbs Tie & Timber Co., 282 U. S. 735, 51 S. Ct. 270, 75 L. Ed. 645, upon which appellee relies for his second position, does not at all support it. It decided only that courts of bankruptcy had complete jurisdiction to inquire into and determine the validity of liens asserted in suits or proceedings commenced after bankruptcy. It not only does not support appellee's second contention, it decides definitely to the contrary of it, that "the court originally acquiring jurisdiction is competent to hear and determine all questions respecting title, possession, and control of the property," Id. page 736 of 282 U. S., 51 S. Ct. 270, 272, and that "when this jurisdiction has attached, the court's possession cannot be affected by actions brought in other courts."

Nor is there any greater merit in appellant's first position, that since the state court had not actually appointed a receiver, when the federal receiver took possession, the property the subject-matter of the foreclosure suit was not in its custody.

In Reisner v. G., C. & S. F. Ry. Co., 89 Tex. 656, 36 S. W. 53, 54, 33 L. R. A. 171, 59 Am. St. Rep. 84, in a thoroughly and well-reasoned opinion reviewing the then state of the law, the Supreme Court of Texas held: "Whenever the judge of a court has acted upon the application in such way as to indicate that he has determined that he will investigate the matter, and may appoint a receiver at some future date, the property is thereafter considered in the custody of the law, and not liable to the process of any other court pending such investigation. * * * May v. Printup, 59 Ga. 128; Adams v. Trust Co. [C. C. A.] 66 F. 617." In the course of its opinion the court said: "It is fortunate for the country, for the interests of public justice, and to the credit of the judiciary, both federal and state, that with few exceptions the courts, both federal and state, have been liberal and just in determining questions which involve the conflict of jurisdiction."

The Supreme Court of the United States, in Farmers' Loan & Trust Co. v. Lake Street, 177 U. S. 51, 20 S. Ct. 564, 44 L. Ed. 667, four years later, and in Harkin v. Brundage, 276 U. S. 43, 48 S. Ct. 268, 72 L. Ed. 457, thirty years later, applied the same rule. In the first case it said: "The possession of the res vests the court which has first acquired jurisdiction with the power to hear and determine all controversies relating thereto, and for the time being disables other courts of co-ordinate jurisdiction from exercising a like power. This rule is essential to the orderly administration of justice, and to prevent unseemly conflicts between courts whose jurisdiction embraces the same subjects and persons. Nor is this rule restricted in its application to cases where property has been actually seized under judicial process before a second suit is instituted in another court, but it often applies as well where suits are brought to enforce liens against specific property, to marshal assets, administer trusts, or liquidate insolvent estates, and in suits of a similar nature where, in the progress of the litigation, the court may be compelled to assume the possession and control of the property to be affected. The rule has been declared to be of especial importance in its application to Federal and state courts." Page 61 of 177 U. S., 20 S. Ct. 564, 568. In the second case, it said: "The principle which should govern in a conflict of jurisdiction like this has been a number of times stated by this court. As between two courts of concurrent and co-ordinate jurisdiction, the court which first obtains jurisdiction and constructive possession of property by filing the bill is entitled to retain it without interference and cannot be deprived of its right to do so, because it may not have obtained prior physical possession by its receiver of the property in dispute." Page 43 of 276 U. S., 48 S. Ct. 268, 271.

The jurisdiction to adjudicate concerning the subject-matter of and the issues arising in the suit filed in that court to foreclose a specific lien the superior court of Walker county acquired when the petition was sanctioned by the judge of that court, ordered filed, and filed. Thereafter as long as the cause was prosecuted in good faith, and in a substantial way, no other court could interfere with the res, the subject-matter of that suit. It is for that court, and that court alone, to determine the validity of the mortgage asserted in it, the disposition to be made of the property pending the suit and upon its termination, and no other court had the right to reach out for and take hold of the property, or in any manner interfere with its management or control by the Georgia court.

Appellee's position, that though the ancillary jurisdiction of the United States District Court for the Northern District of Georgia has been invoked in aid of the bankruptcy proceedings, and under that invocation property has been wrongfully seized, that court may not, on the petition of the state court receiver, rectify the breach of jurisdiction which it has caused, but must remit that officer to a court of another jurisdiction, is wholly without merit.

It is fundamental that one court may not wrongfully take away from the other in whose custody it is, possession of a res and then "claim jurisdiction over the property because it is in the possession of the court." Hawes v. First National Bank of Madison (C. C. A.) 229 F. 51, 59; Cochrane v. Potts Son & Co. (C. C. A.) 47 F.(2d) 1026, 1028. The 1910 Amendment to the Bankruptcy Act (11 USCA § 11 (20) invested courts of bankruptcy with power to "exercise ancillary jurisdiction over persons or property within their respective territorial limits in aid of a receiver or trustee appointed in any bankruptcy proceedings pending in any other court of bankruptcy." Collett v. Adams, 249 U. S. 549, 39 S. Ct. 372, 63 L. Ed. 764; Lazarus v. Prentice, 234 U. S. 266, 34 S. Ct. 851, 58 L. Ed. 1305; Knauth v. Latham, 242 U. S. 427, 37 S. Ct. 139, 61 L. Ed. 404.

The seizure of the property of a bankrupt by an ancillary receiver is a summary

proceeding, and not a plenary suit. Lazarus v. Prentice, 234 U. S. 267, 34 S. Ct. 851, 58 L. Ed. 1305. Such summary seizure may not be made, or, if made, sustained, where there is a substantial adverse claim involving a real and substantial, not merely a colorable controversy. Harrison v. Chamberlin, 271 U. S. 193, 46 S. Ct. 467, 70 L. Ed. 897.

In the present case the prior custody asserted by the state court is in aid of a claim in no manner colorable, but real and substantial the merits of which the state court may alone determine. Under such circumstances it is the duty of the bankruptcy court to decline to determine the merits and dismissing the summary proceedings by which it had taken jurisdiction. Harrison v. Chamberlin, 271 U. S. 193, 46 S. Ct. 467, 70 L. Ed. 897, deliver to the state receiver the property wrongfully taken, and direct its trustee to assert in the state court his contentions respecting the invalidity of the mortgage.

The judgment is reversed, and the cause remanded, with directions to surrender possession of the property to the state receiver without prejudice, of course, to the merits of any contention which the trustee may before the state court make, as to the validity or effect of the mortgage.