## ZORN v. DE BERRY.
### No. 1263.

District Court, E. D. Texas, Beaumont Division.

Sept. 5, 1933.

Heidrick & Tucker, of Beaumont, Tex., for Zorn, Receiver in Bankruptcy.

James V. Allred, Attorney General, and J. A. Stanford, Jr., Asst. Attorney General and Sonfield & Sonfield, of Beaumont, Tex., for De Berry, Receiver.

KENNERLY, District Judge.

August 8, 1933, Tom De Berry, in the suit of the State of Texas, Plaintiff, v. Dixie Oil & Gas Company et al., Defendants, was appointed by the district court of Travis county, Tex., receiver of the Dixie Oil & Gas Company, a corporation of Beaumont, Jefferson county, Tex. He, as such receiver, on August 11, 1933, took possession of all of the properties of the company. August 12, 1933, the company filed in this court its voluntary petition in bankruptcy, was adjudicated a bankrupt under the acts of Congress relating to bankruptcy (see 11 USCA), and J. Zorn appointed receiver. August 14, 1933, the bankruptcy receiver instituted before the referee in bankruptcy, to whom the case had been referred, a summary proceeding to require the state court receiver to turn over to him all the properties of the company. On the same date, after a hearing, the referee entered an order so requiring, and this is a hearing on the petition of the state court receiver to review such order.

There being no complaint in the petition for review of the fact findings of the referee,

his summary of the evidence, and the findings of fact in his certificate filed August 16, 1933, will be accepted here as correct, except that it appears from plaintiff's petition in the state court suit that plaintiff is *claiming* a lien on *all* of the property of such company, while the finding of the referee apparently is that such lien is claimed only against a *part* thereof. Same are as follows:

"Under date of August 8, 1933, a writ of temporary injunction and notice of appointment of receiver to Dixie Oil & Gas Company, was issued out of the Ninety-Eighth district court of Travis county, Tex., in cause No. 52812, styled, The State of Texas v. Dixie Oil & Gas Company, of Beaumont, Tex., and Home Indemnity Company of New York; wherein it was set out that the plaintiff, the state of Texas, had filed its original petition, alleging that between the period of time from October 1, 1932, and January 1, 1933, the defendant Dixie Oil & Gas Company engaged in the business of manufacture, distribution, and sale of gasoline at wholesale in intrastate commerce of the state of Texas, as a wholesale distributor and dealer as set forth and defined in the Acts of the Second Called Session of the Forty-First Legislature, chapter 88, and as amended by the Acts of 1931, Regular Session, Forty-Second Legislature, chapter 98, page 163, and that the defendant complied with the act in that before engaging in said business, filed an application for permit to do business with the comptroller of public accounts of the state of Texas, and furnished and filed a bond in the sum of $5,000 with the Home Indemnity Company of New York, as surety on said bond, guaranteeing payment of any and all amounts of gasoline taxes that might become due to the state of Texas by the defendant company by virtue of said acts; and further

"That the said defendant company did not pay the said state taxes of gasoline as required, and that at the time of petition owed the state taxes, penalty, and interest in the sum of $5,079.31; and alleged further in the petition

"That on account of the failure of the defendant to pay the amount of gasoline taxes in that amount, that the plaintiff, the state of Texas, under the provisions of the acts, has a preferred lien, which is a first and prior lien to any and all liens, on all of the property both real and personal of the defendant, which was used by said company while operating as wholesale distributor of gasoline in intrastate commerce of the state;

"And the plaintiff in its petition alleged further that it understood that defendant owed other creditors large sums of money, and that from day to day, they were becoming more and more indebted to divers persons, and that they were continuing to sell in intrastate commerce, gasoline upon which the taxes were not being paid to the state of Texas, and that unless a receiver was appointed they would continue to so operate;

"The plaintiff alleged that they had no adequate remedy at law and prayed for a receiver and asked that such receiver be ordered to take charge and possession of all of the assets of said defendant Dixie Oil & Gas Company, including the funds, of such defendant, located in any bank or banks, and further that the defendant, its agents, officers, etc., be enjoined from interfering with the receiver.

"The order of the honorable district court of Travis county, Tex., appointed Tom De Berry of Bogota, Tex., receiver of the estate of defendant, and ordered that he take possession of 'all of defendant's properties, real, personal, or mixed, of every kind and nature now or hereafter located within the jurisdiction of this Court and within the County of Jefferson, State of Texas, together with all its rights, interests and appurtenances, books, records, bank accounts, cash or evidence of cash on hand, thereunto belonging, * * * granting to the said Receiver full power to demand, sue for, collect, receive and to take into his possession all the properties, goods, products, refined or unrefined, rights, effects, leases, equipment, lands, tenements, cars, trucks, pumps, tanks, or equipment of whatever nature of said defendant located in said Jefferson County, or wherever it may be found, together with all books, and papers relating to or in any wise affecting the same.'

"The order further gave the receiver full authority to take over and operate and to do all things necessary to conduct the defendant's business for the protection of the plaintiff and other creditors.

"The order further enjoined 'all creditors, stockholders and other persons from instituting or prosecuting or continuing the prosecution of any action heretofore brought in law or in equity or under the statute against the defendant * * *.'

"The Dixie Oil & Gas Company, its agents, servants, and employees, were enjoined and restrained by order of the court from interfering in any manner with the said Tom De Berry, as receiver, and they were

notified that the said Tom De Berry was appointed receiver of the estate of the defendant Dixie Oil & Gas Company and 'all of said defendant's properties, real, personal, or mixed, of every kind and nature now or hereafter located within the jurisdiction of this Court and within the County of Jefferson, State of Texas, together with all * * * books, records * * *.'

"On August 11, 1933, said Tom De Berry took possession of the properties of the defendant, and assumed control, after ousting the president and other officers of defendant company.

"On August 12th, the Dixie Oil & Gas Company filed a voluntary petition in bankruptcy in the District Court of the United States for the Eastern District of Texas, and same was referred by the clerk of said court to the undersigned, one of the referees in bankruptcy. The same day, August 12th, the Dixie Oil & Gas Company was adjudicated a bankrupt, and one J. Zorn, Jr., was appointed receiver, and qualified.

"The said Tom De Berry receiver under order of the state court, refused to surrender possession of the property to the receiver of the bankrupt estate, and under date of August 14, through his attorney, J. Zorn, Jr., filed a bill of complaint, wherein he complained of the failure of the said Tom De Berry to surrender to him the assets of the bankrupt estate, and alleged that the adjudication of the bankrupt nullified the receivership in the state court and sole jurisdiction for the liquidation and adjudication of bankrupt's estate was in the bankruptcy court, and prayed for an order of the court directing and commanding the said Tom De Berry to turn over the properties of bankrupt estate to the said J. Zorn, Jr., as receiver, and asked further for an injunction against the said Tom De Berry, from interfering with the liquidation of the bankrupt estate.

"On August 14th, the said Tom De Berry in response to the petition of said J. Zorn, Jr., filed a plea as to the jurisdiction of the referee to pass upon the matter, and alleged that the jurisdiction of the state court having attached and the receiver being in possession and claiming adversely to the complainant, that the referee has no summary jurisdiction in the matter, and asked that the petition for an order requiring the surrender of the property be dismissed.

"A hearing was had in the matter by the undersigned on August 14, 1933.

"Findings of the Referee.

"I found that the order of the district court of Travis county, appointing Tom De Berry receiver, was so broad in its terms as to be general receivership in that the order did not restrict the receivership only to that property on which the state of Texas had a lien, for its taxes, if any, as provided by the statutes of the state of Texas.

"As a general proposition the jurisdiction of the bankruptcy court in the administration and settlement of a bankrupt's estate is exclusive, and no state court can assume such jurisdiction or interfere with the jurisdiction of the bankruptcy court. There are exceptions to this rule, and one is where jurisdiction of a state court has attached before the adjudication for the purpose of foreclosing a lien that is not invalidated or avoided by the Bankruptcy Act. But the receivership must be restricted to that specific property burdened with the lien. In the present case that was not done and I find that the order was too broad and did not come within the exception.

"I therefore entered an order to the effect that J. Zorn, Jr., receiver of the bankrupt estate, take possession of all property belonging to the bankrupt which the said Tom De Berry had in his possession. A copy of my order is attached hereto, marked 'Exhibit A.'

"And the said question is certified to the judge for his opinion thereon."

1. The state court receiver seasonably raised before the referee, and has raised here by his petition for review, the question of the jurisdiction of the referee of this summary proceeding. The suit in the state court was filed, and the state court receiver appointed, prior to the filing of the petition in bankruptcy. The state court receiver, according to the fact findings of the referee, took possession of all the properties of the company August 11, 1933, and prior to the filing of the petition in bankruptcy. I do not agree with the conclusion of the referee as to the nature of the suit in the state court. Such suit is one to establish and foreclose a lien in no manner colorable, but real and substantial, on all or part of the properties of the company, and such lien is in no way affected by the Bankruptcy Act (11 USCA). The appointment of the state court receiver was made in aid of the foreclosure of such lien, and not as concluded by the referee in a "general receivership." It is clear the referee was without jurisdiction to enter the order complained of. Taubel-Scott-Kitzmiller Co. v. Fox, 264

U. S. 428, 44 S. Ct. 396, 68 L. Ed. 771; Harrison v. Chamberlin, 271 U. S. 193, 46 S. Ct. 467, 70 L. Ed. 899; Straton v. New, 283 U. S. 319, 51 S. Ct. 465, 75 L. Ed. 1074; Griffin v. Lenhart (C. C. A.) 266 F. 671; Brown Shoe Co. v. Wynne (C. C. A.) 281 F. 807; Whitney v. Barrett (C. C. A.) 28 F.(2d) 761; Russell v. Edmondson (C. C. A.) 50 F.(2d) 175; Bryan v. Speakman (C. C. A.) 53 F.(2d) 463. And this is true even though (as apparently found by the referee) there be a part of such properties against which plaintiff, in the state court suit, is claiming no lien. See Carling v. Seymour Lumber Co. (C. C. A.) 113 F. 485.

Let an order be drawn and presented, reversing and setting aside the order of the referee, and dismissing such summary proceedings for want of jurisdiction.