**In re KEPLEY PRODUCTION CO.'S ESTATE.**

**No. 130.**

District Court, S. D. Texas, Laredo Division.

Jan. 30, 1934.

Mastin G. White, of Laredo, Tex., for Laredo Nat. Bank.

Gordon Gibson, of Laredo, Tex., for petitioner George F. Sturgis.

I. W. Keys and Johns, McCampbell & Snyder, all of Corpus Christi, Tex., for bankrupt.

KENNERLY, District Judge.

These are four petitions to review orders of the referee in bankruptcy in this estate:

(a) Petition of the Laredo National Bank, a creditor, to review an order of the referee, directing the trustee of this estate to apply to the state court for possession of the property of the estate in custody of a receiver appointed by the state court.

(b) Petition of the Laredo National Bank, a creditor, to review an order of the referee in bankruptcy, allowing item 3 of the claim of James K. Kepley and Nora Kepley against this Estate.

(c) Petition of the Laredo National Bank, a creditor, and George F. Sturgis, receiver of the state court, to review an order of the referee in bankruptcy, refusing to set aside the adjudication, and dismiss the voluntary petition upon which such adjudication is predicated.

The referee has certified the facts at length, and they need not be repeated, but may be, and are, summarized here.

The Kepley Production Company is a corporation, organized under the laws of Texas, to produce oil, etc. On March 18, 1932, a petition was filed against it in the district court of the 111th District of Texas, in Webb county, by an unsecured creditor (hereinafter Plaintiff Creditor), alleging the solvency of the corporation, but that it owed debts which it was not presently able to pay, and praying the appointment of a receiver, upon the ground that its creditors, or some of them, were threatening to seize its properties under attachments, execution, etc., and that its properties would be dissipated, and that Plaintiff Creditor would lose its debt. Thereupon, the corporation, through its duly authorized officers, answered, admitting the allegations contained in Plaintiff Creditor's petition, and agreeing to the appointment of a receiver. A receiver was appointed, and went into, and has since been in, possession of the properties, administering same. All the creditors of the corporation have either intervened in the state court or filed their claims with the receiver for allowance. Many of the secured claims have been paid off and discharged.

On August 17, 1933, seventeen months after the appointment of a receiver by the state court, the corporation filed its voluntary petition in bankruptcy in this court, and the matter was referred to the referee, who thereafter adjudicated the corporation bankrupt. Meetings of creditors were held, and a trustee appointed and qualified. The petition in bankruptcy was filed by the same officers of the corporation who agreed to the appointment of a receiver in the state court.

Prior to the filing of the petition in bankruptcy herein, James K. Kepley and wife, officers of the corporation, filed in the state court an intervention, asking allowance of their claim against the estate, based on ten notes of the corporation for the sum of $9120 each. The intervention was sent to a master for hearing, and he, after a hearing, reported thereon adversely to their contention. After the adjudication of bankruptcy herein, Kepley and wife filed a claim with the referee, item 3 of which is the same claim filed by them in the state court. The order of the referee allowing item 3 of the claim is one of the orders sought to be reviewed here.

After the adjudication in bankruptcy, a creditor and the state court receiver filed their application to set aside the order of adjudication, and dismiss the bankruptcy proceeding. The referee, by order, declined so to do, and the petition is for review of such order.

The referee also instructed the trustee to apply to the state court to have turned over to him (the trustee) all the properties of the estate, and this order is sought to be reviewed.

Other facts may be stated in the discussion.

1. This case is controlled by Blair v. Brailey (C. C. A.) 221 F. 1, 3. The referee was in error in directing the trustee to apply to the state court for possession of the properties belonging to the bankrupt. See also Russell v. Edmondson (C. C. A.) 50 F. (2d) 175; Bryan v. Speakman (C. C. A.) 53 F. (2d) 463, 465; Neely v. McGehee (C. C. A.) 2 F. (2d) 853; and cases therein cited.

2. Item 3 of the claim of James K. Kepley and wife was presented and filed by them for allowance in the state court. It was referred to a master, who reported thereon adversely to them. The matter of the approval or disapproval of their claim by the judge of the state court is still pending. Having selected their forum, and begun the prosecution of their claim therein, they should not now be allowed, as officers of the corporation, to bring about these bankruptcy proceedings, and be heard on their claim here. Instead of allowing item 3 of their claim, the referee should have dismissed it.

3. It is claimed that the filing of the petition in bankruptcy by the corporation in this court was under the circumstances a fraud upon the court and upon the creditors of the corporation, and that the court should, for that reason, set aside the adjudication, and dismiss the case. It is not necessary to decide the point. These proceedings in bankruptcy may be viewed as an effort upon the part of the corporation to obtain its discharge from its indebtedness under the Bankruptcy Law (11 USCA), and not as an effort to divest the state court of control of the properties after the corporation has agreed to the proceedings therein. Viewing the proceedings *solely* as one in which the corporation may try out the question of its discharge from its indebtedness, the motion to set aside the adjudication and dismiss the case was correctly denied by the referee.

4. It follows that:

(a) The order of the referee, directing the trustee to move to obtain possession of the properties in custody of the state court, should be reversed, with instructions to the referee to direct the trustee to in no manner interfere with the state court's custody of the corporation's properties.

(b) The order of the referee, allowing item 3 of the claim of James K. Kepley and wife, should be reversed, with directions to dismiss such item of such claim.

(c) The order of the referee, refusing to set aside the order of adjudication, and dismiss the case, for the reasons hereinbefore given, should be affirmed.

Let an order be prepared and presented accordingly.