**In re BAUMCHEN.**

No. 9459.

United States District Court,
D. North Dakota, Southeastern Division.

April 23, 1951.

E. T. Conmy, Sr., and E. T. Conmy, Jr. (of Conmy & Conmy), Fargo, N. D., for First Federal Savings & Loan Ass'n of Fargo, a corporation, and C. A. Williams.

Emanuel Sgutt, Fargo, N. D., for Globe Plumbing Supply Co. and Sam Chesley.

Manfred Ohnstad, West Fargo, N. D., for Frank R. Scott.

P. W. Lanier, U. S. Atty., Fargo, N. D., for United States.

H. G. Nilles (of Nilles, Oehlert & Nilles), Fargo, N. D., for Weyerhauser Lumber Co. and Thompson Yards, Inc.

George A. Soule, Fargo, N. D., for Simonson Cash Supply and Foss Lumber Co.

VOGEL, District Judge.

This is a Petition for Review of an order of the Referee in Bankruptcy restraining the First Federal Savings & Loan Association of Fargo from proceeding with certain mortgage foreclosure actions commenced by the Association in State Court prior to bankruptcy, upon mortgage liens on property of the Bankrupt, which mortgages were acquired some time prior to the four months period immediately preceding bankruptcy. The Referee in Bankruptcy certifies the question for review as being the following: "Has the Bankruptcy Court power to restrain individuals from proceeding with actions in State Courts to foreclose mortgages, when such actions were started within the four months period, the purpose of the restraining order being to allow the Trustee in Bankruptcy to ascertain the regularity and validity of mortgages, equity of redemption and if the Bankrupt's estate could sell property free of liens to better advantage?"

The mortgages which the petitioner, First Federal Savings & Loan Association of Fargo, has sought to foreclose in the State Court were given and recorded during the spring and summer of 1950, all of them more than four months prior to the commencement of bankruptcy proceedings. On August 16, 1950, an attempt was made to assign property for the benefit of creditors and C. A. Williams was designated as trustee. Certain real properties of the bankrupt were transferred to Williams by trust deed or otherwise. The assignment for the benefit of creditors failed in its purpose, apparently through disagreement among the creditors, and foreclosure actions were commenced in the State Court, by notice of intention to foreclose on or about October 5, 1950, and by service of summons and complaint on or about November 15, 1950. On December 6, 1950, Baumchen filed a voluntary petition in bankruptcy, this Court made the bankruptcy adjudication and referred the matter to the Referee. On March 28, 1951, the Referee entered his order restraining the First Federal Savings & Loan Association of Fargo from proceeding with the foreclosures in State Court. On April 5, 1951, the Referee modified his order of March 28, 1951, by providing that the order of March 28, 1951, should remain in full force and effect only until C. A. Williams

should make a report on the amount and extent of the property of the bankrupt in his possession and control and for an additional period of ten days thereafter. This was to enable the Trustee in Bankruptcy to reach conclusions as to the regularity and validity of the mortgages in process of foreclosure, the amounts due thereon, and equity of redemption, if any, therein.

The bare legal question involved is: Does the Bankruptcy Court possess authority to enjoin the parties from proceeding further in mortgage foreclosure actions in State Court where such foreclosure actions have been commenced within the four months period immediately preceding bankruptcy but are based upon mortgage liens acquired prior thereto?

There were a number of mortgage foreclosure actions pending in the State Court at the time of the commencement of bankruptcy proceedings. The Trustee and Referee in Bankruptcy sought, by the restraining order, to give the Trustee time to investigate the various mortgages thus being foreclosed, to determine the accuracy of the amounts involved, and the rights of the bankrupt, so that the interests of all creditors could be properly protected. The purpose was laudable but there must be authority for the action taken by the Bankruptcy Court if its action is to be sustained under attack.

The Trustee relies partially upon an opinion of the Court of Appeals of this Circuit in In re Dana, 167 F. 529. Without question that case, standing by itself, is ample authority for the Bankruptcy Court's issuance of the order or orders in question. That case holds that the Bankruptcy Court has jurisdiction to determine the amount and order of priority of liens, to liquidate such liens and to the end that the property may be sold free of encumbrances and in aid thereof to enjoin the lienholders from prosecuting foreclosure suits brought in a State Court before the commencement of bankruptcy proceedings but within four months thereof. That case, however, was decided in 1909 and is decidedly against the very considerable weight of authority subsequent thereto.

The Supreme Court of the United States appears to have resolved the problem in Straton v. New, 1931, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060. That case dealt with judgment liens rather than mortgage liens, but the distinction would appear to be of no consequence. In holding that a court of bankruptcy could not enjoin further proceedings in a State Court to enforce judgment liens acquired more than four months preceding bankruptcy but where the enforcement action itself was commenced within the four months period, the Court stated 283 U.S. at page 326, 51 S.Ct. at page 468:

"Following these cases the federal courts have with practical unanimity held that where a judgment which constitutes a lien on the debtor's real estate is recovered more than four months prior to the filing of the petition, the bankruptcy court is without jurisdiction to enjoin the prosecution of the creditor's action, instituted prior to the filing of a petition in bankruptcy, to bring about a judicial sale of the real estate.

*"The trustee in bankrutpcy may intervene in such suits to protect the interests of the estate."* (Emphasis supplied.)

And 283 U.S. at page 331, 51 S.Ct. at page 470: "Most of the cases cited by the appellees to the effect that the initiation of bankruptcy proceedings confers on the district court jurisdiction to enjoin pending suits in state courts deal with the situation where a lien was acquired within four months of the filing of the petition, or where, after the filing of the petition an action was begun to enforce a lien valid in bankruptcy. As heretofore noted, *there are a few cases which have held that the bankruptcy court may enjoin proceedings, brought prior to the filing of the petition, to enforce valid liens which are more than four months old at the date of bankruptcy; but these cases are contrary to the decisions of this Court and to the great weight of federal authority."* (Emphasis supplied.)

In making the foregoing statement, the Supreme Court, by footnote, specifically cited In re Dana, supra, as being one of

those "few cases" which have held "contrary to the decisions of this Court and to the great weight of federal authority". Accordingly, In re Dana is no longer authority and this Court must decline to follow it.

A reading of the entire opinion of the Supreme Court in the Straton v. New case, indicates clearly that the pivotal fact question is when the *lien* was acquired—not when the enforcing or foreclosing action was commenced so long as it preceded the bankruptcy. If the lein was acquired within four months of bankruptcy, then it was affected by the bankruptcy proceedings and the Bankruptcy Court would have authority to enjoin further prosecution thereof. If the lien was acquired prior to the four months period, the Bankruptcy Court would have no authority to enjoin proceedings, provided, of course, they had been commenced before bankruptcy, even though within the four months period. This interpretation of the Straton v. New opinion has been accepted by many courts. Among the cases so holding are Bryan v. Speakman, 5 Cir., 1931, 53 F.2d 463; In re Greenlie-Halliday Co., 2 Cir., 1932, 57 F.2d 173; In re Maier Brewing Co., Inc., 9 Cir., 1933, 65 F.2d 673; Town of Agawam v. Connors, 1 Cir., 1947, 159 F.2d 360.

The Court of Appeals for the Fifth Circuit in Ross v. Carey, 1949, 174 F.2d 872, 874 at page 874, held squarely with this view, stating: "The bankruptcy court has no power in ordinary bankruptcy to interfere with the proceedings in a State court begun before bankruptcy for the foreclosure of a mortgage which is not invalidated by the bankruptcy. It cannot deprive the State court of its power to execute its process against the mortgaged property though the mortgagor is still in possession at the date of his bankruptcy. Eyster v. Gaff, 91 U.S. 521, 23 L.Ed. 403; Bryan v. Speakman, 5 Cir., 53 F.2d 463. Under the bankruptcy power Congress can provide for the stay of all proceedings against the estate in other courts, but it is well settled that it has not done so in ordinary bankruptcy as respects the foreclosure in State courts begun before bankruptcy of liens not invalidated thereby. In the pres-

ent case the foreclosure had, as above pointed out, gone to the extent of a sale. The stay of the writ of possession ought not to be continued."

See also In re Tinkoff, 7 Cir., 1944, 141 F.2d 731, at page 733: "The mortgages foreclosed in the State court were not vulnerable under the Bankruptcy Act. The State court was in possession of the property and was foreclosing valid mortgages when the petition in bankruptcy was filed. The filing of such petition in and of itself did not oust or affect the jurisdiction of the State court to proceed to final disposition."

In a similar holding, the Court of Appeals for the Sixth Circuit, in Muffler v. Petticrew Real Estate Co., 132 F.2d 479, 481, stated: "However, we think another feature of the case decisive. Since the liens matured more than four months before the present bankruptcy proceedings, and the action to enforce the liens in the state court antedated the filing of the bankruptcy petition, and since the state court had possession of the property, it has exclusive jurisdiction to foreclose the mortgages thereon and the District Court, under the decisions of the Supreme Court, was required to dissolve the stay."

Collier on Bankruptcy, 14th Edition, Sec. 2.63, pages 293–302, in discussing the question, takes a view similar to that expressed herein.

Counsel for the Trustee, arguing in behalf of the validity of the Referee's orders, points out that he needs time to examine the ten foreclosure actions pending in State Court, to determine the validity thereof, the accuracy of the amounts involved, and to ascertain whether or not it would be for the benefit of the bankrupt's creditors for the Trustee to intervene in such actions. As already indicated, the purpose is indeed laudatory, but the State Court, having acquired jurisdiction of the property through the commencement of the foreclosure actions prior to the institution of the bankruptcy proceedings, is the proper place for him to apply for a stay in proceedings until he can make such determinations as he desires. If his investigations indicate to him some question with refer-

ence to the validity of the mortgages, or the amounts involved or that the rights of the creditors could best be protected through intervention, then he should proceed in State Court. Nothing in the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., authorizes the restraining order which is reviewed and the Bankruptcy Court possesses no inherent power to enjoin the proceedings in the State Court or the parties to such actions.

The Supreme Court, in Straton v. New, supra, 283 U.S. at page 327, 51 S.Ct. at page 469, 75 L.Ed. 1060, has suggested that under like circumstances the Trustee in Bankruptcy might intervene in the suits in State Court and thus protect the interests of the estate he represented. Note also the statement of the Court of Appeals for the First Circuit in Town of Agawam v. Connors, supra, 159 F.2d at page 365: "Although it might have been wiser to bring all the assets of the bankrupt howsoever situated into the hotch-pot of the Bankruptcy Court, Congress has not so acted and the Supreme Court has denied general power in the Bankruptcy Court to supersede prior state court jurisdiction unless Congress has acted. See Griffin v. Lenhart, 4 Cir., 1920, 266 F. 671, 673. In such a case the trustee in bankruptcy is obliged to proceed in the prior suit. Congress, it seems to us, has provided for this sort of a situation to a limited extent. By Sec. 11, sub. e, of the Bankruptcy Act, the trustee is given sixty days after adjudication to act in a state court proceeding where '* * * a period of limitation is fixed, either in such proceeding or by applicable Federal or State law, for taking any action, filing any claim or pleading, or doing any act, and where in any such case such period had not expired at the date of the filing of the petition in bankruptcy * * *'."

It is obvious that what the Referee and Trustee have tried to accomplish is to obtain a report of properties assigned for the benefit of creditors some time prior to bankruptcy. The Court understands that the assignee, Mr. Williams, is willing and anxious to get rid of his responsibilities in that regard and that pending this review he did file a copy of his report with the Trustee. It seems to the Court, however, that a report early in these proceedings would have made unnecessary the orders complained of and their review. Be that as it may, this Court must set aside the orders as being beyond the authority of the Bankruptcy Court.

It will be so ordered, and, then, this case will be remanded to the Referee for further proceedings.