**In re PUSSER.**

**No. 4483.**

United States District Court
E. D. South Carolina.

Aug. 16. 1954.

James E. Leppard, Chesterfield, S. C., for Bank of Chesterfield.

Willcox, Hardee, Houck & Palmer, Florence, S. C., for Julia Griggs Pusser.

Theodore D. Stoney, Asst. U. S. Atty., Charleston, S. C., for U. S. of America.

Wendell M. Levi, Sumter, S. C., for Trustee in Bankruptcy.

WYCHE, District Judge.

This matter came on for hearing upon petition of the Bank of Chesterfield, a corporation, and Tulia Griggs Pusser, mortgage creditors of the bankrupt, to revise certain orders issued by the Referee in Bankruptcy, relating to the mortgaged properties of the bankrupt. Counsel for the mortgage creditors, the Trustee in Bankruptcy and the United States of America, appeared and were heard.

An action was commenced in the Court of Common Pleas for Chesterfield County, by Bank of Chesterfield, a corporation, against J. W. Pusser, Tulia Griggs Pusser, and the United States of America, on or about July 31, 1952, for the foreclosure of mortgage by J. W. Pusser to plaintiff dated June 18, 1951, and recorded June 19, 1951, upon a tract of farm land of J. W. Pusser.

Answer and cross-complaint were filed by defendant Tulia Griggs Pusser wherein she sought foreclosure of mortgage, dated September 20, 1951, made by defendant J. W. Pusser to her, recorded September 20, 1951, and covering the tract of farm land, lots in the Town of Chesterfield, and a stock of merchandise.

Answers were filed by the United States of America, setting up certain liens for taxes due by J. W. Pusser, and requiring strict proof of mortgage indebtedness of the plaintiff, and of defendant Tulia Griggs Pusser.

These proceedings were referred to the Master for Chesterfield County to hear and determine all issues of law and fact, with leave to report upon any special matter, and upon the report of the Master, subsequently filed, a decree of foreclosure and sale in the State Court was signed by the Judge of the Fourth

Circuit, with the consent of Assistant United States Attorney, dated April 25, 1953, ordering the mortgaged premises to be sold and the proceeds of the sale applied to the satisfaction of the mortgages of the plaintiff and of the defendant Tulia Griggs Pusser.

An order was subsequently made by the Judge of the Fourth Circuit, with the consent of the attorneys in the case, whereby it was provided that the proceeds of the sale, after the payment of the costs and expenses of the action, and the mortgage indebtedness of the Bank of Chesterfield, would be held subject to the further order of the court. Counsel for Tulia Griggs Pusser acknowledged that the purport and effect of this order was to enable the United States of America to contest the validity of, and the amount due on, this mortgage to Tulia Griggs Pusser, if it should be so advised. Counsel for Tulia Griggs Pusser says he does not, nor will he contend, that the decree of foreclosure is res adjudicata as to the mortgage of Tulia Griggs Pusser. The mortgaged property has not been sold under the decree of the State Court.

An involuntary petition in bankruptcy was filed against J. W. Pusser on January 18, 1954, and he was adjudged a bankrupt on February 17, 1954. Ira Kaye was appointed as Receiver, and thereafterwards on April 27, 1954, he was appointed as Trustee in Bankruptcy, of the said J. W. Pusser.

On April 27, 1954, upon a petition of the Trustee in Bankruptcy, the Referee in Bankruptcy issued an order dated April 27, 1954, enjoining the Court of Common Pleas of Chesterfield County from proceeding with any action in the cause pending in that court for the foreclosure of mortgages held by the Bank of Chesterfield and Tulia Griggs Pusser, and on April 28, 1954, he made an order restraining the Bank of Chesterfield, its officers, agents and attorneys, and all other persons, from taking any action in respect to and in furtherance of said mortgage foreclosure suit.

On June 11, 1954, without notice or hearing, the Referee in Bankruptcy issued a notice of sale, to the effect that the Trustee was authorized to sell any or all of the property of the bankrupt for cash, free and clear of all liens and encumbrances, the property described being the farm included in the mortgage to the Bank of Chesterfield, and the farm and other property, including the stock of merchandise, described in the mortgage to Mrs. Pusser.

On June 15, 1954, without notice or hearing, a further order was made by the Referee in Bankruptcy, confirming previous orders and actions, and restraining and enjoining the Bank of Chesterfield, J. W. Pusser, Tulia Griggs Pusser and the United States of America, and all other persons, from taking any action inconsistent with the jurisdiction of the Bankruptcy Court over the assets of the bankrupt, and imposing further restraints upon the conduct and acts of the parties in reference thereto.

The petition to revise of the mortgage creditors seeks to have the orders and actions of the Referee in Bankruptcy mentioned, rescinded and set aside, upon grounds which substantially challenge the jurisdiction of the Bankruptcy Court to enjoin and restrain proceedings in the State Court for the foreclosure of mortgages commenced more than four months before the adjudication of J. W. Pusser as bankrupt. As appears above, said proceedings had been pending for approximately a year and seven months before adjudication of Pusser as a bankrupt, and had resulted in a decree of foreclosure and sale.

In the course of the argument, the attention of the Court was directed to the fact that the Judge of the Court of Common Pleas for the Fourth Judicial Circuit had issued an order removing the State Court proceedings to the Federal Court, but such action upon his part is immaterial, because the action pending in the State Court can only be removed to the Federal Court as provided by statute, to wit, the filing, within the statu-

tory period of time, of a petition and bond for removal, and upon grounds set forth in the statute. 28 U.S.C.A. § 1446. This action upon the part of the Judge of the Court of Common Pleas for the Fourth Circuit cannot have any effect upon the issues that are involved here. A motion to remand the proceedings was made by the mortgage creditors, but it is sufficient to state that no removal of said proceedings has been effected by the action mentioned.

The question that is involved has been answered by the Supreme Court of the United States in the case of Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 466, 75 L.Ed. 1060, 1070. The question certified for decision in that case is set out in the opinion as follows: "Where creditors have obtained and docketed judgments constituting liens on the real estate of defendant, and have instituted a creditors' suit in a state court to marshal and enforce the liens and sell the real estate subject thereto, does the bankruptcy of defendant occurring more than four months after the institution of the creditors' suit oust the state court of jurisdiction, or vest in the court of bankruptcy power to enjoin further proceedings in the state court?" To this question the Supreme Court gave the unanimous answer, "no".

There is an interesting discussion of the subject in the recent case of In re Baumchen, D.C.N.D., 97 F.Supp. 1005, at page 1007, where the court said: "A reading of the entire opinion of the Supreme Court in the Straton v. New case, indicates clearly that the pivotal fact question is when the *lien* was acquired— not when the enforcing or foreclosing action was commenced so long as it preceded the bankruptcy. If the lien was acquired within four months of bankruptcy, then it was affected by the bankruptcy proceedings and the Bankruptcy Court would have authority to enjoin further prosecution thereof. If the lien was acquired prior to the four months period, the Bankruptcy Court would have no authority to enjoin proceedings, provided, of course, they had been commenced before bankruptcy, even though within the four months period. This interpretation of the Straton v. New opinion has been accepted by many courts."

█ In view of the fact that the proceedings for the foreclosure of mortgages were commenced in the Court of Common Pleas for Chesterfield County in September, 1952, and resulted in a decree of foreclosure and sale in April, 1953, and J. W. Pusser was not adjudged a bankrupt until February, 1954, it is clear that the Bankruptcy Court does not have the power, authority or jurisdiction to enjoin or stay the proceedings in that court. As indicated in the case of Straton v. New, supra [97 F.Supp. 1006], " 'The trustee in bankruptcy may intervene in such suits (in the State Court) to protect the interests of the estate.' " The State Court has jurisdiction to determine all issues relating to the mortgages foreclosed in the action instituted there.

Counsel for Tulia Griggs Pusser stated in open court that there was no purpose upon their part to foreclose the right of either the Trustee in Bankruptcy or the United States of America to contest the validity of her mortgage in the proceedings in the State Court, and would not attempt to do so, and, as appears above, provision has already been made by order of that court to the effect that the proceeds of sale, over and above the costs and expenses of the action and the amount due on the mortgage to Bank of Chesterfield, are to be held subject to the further order of the Court. The validity of the mortgage to the Bank of Chesterfiled, and the amount due thereon, is not contested by either the Trustee in Bankruptcy or the United States of America, and there is no issue remaining for determination in reference to said mortgage.

It is, therefore, ordered that the orders of the Referee in Bankruptcy herein bearing date April 27, 1954, April 28, 1954, and June 15, 1954, and notice (order) of sale bearing date June 11, 1954,

be and the same are hereby rescinded and set aside.

Counsel for the Trustee asked me to revoke the order of the Honorable Ashton H. Williams, United States District Judge for the Eastern District of South Carolina, dated June 27, 1954, restraining the Bankruptcy Court from inquiring into the validity of the mortgage executed by the bankrupt herein in favor of his wife.

█ I have no power or authority to amend, modify or revoke an order of another United States District Judge.